## Jim Johnson v. The State.

### No. 4185. Decided December 2, 1908.

**Robbery—Accomplice—Charge of Court—Alibi.**

Where upon trial for robbery the defense was alibi, and an accomplice under the theory of the State testified that he and defendant and others committed the robbery, it was reversible error in the court's charge to assume that the testimony of the accomplice was true and that he was in fact an accomplice, against the defendant's theory that neither he nor the alleged accomplice were at the place of the robbery and had any connection with it.

Appeal from the District Court of Tarrant. Tried below before the Hon. M. E. Smith.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Parker & Parker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with robbery and his punishment assessed at five years confinement in the penitentiary.

There were two theories presented by the evidence as to how the alleged robbery occurred. The evidence for the State connects appellant and Voight with the robbery as well as two other parties. Quite a lot of testimony was introduced by the State, placing the parties together and as having committed the robbery. The appellant proved an alibi by several witnesses, both for himself and Voight. We deem it unnecessary to go into the details of the two theories presented by the evidence. The State's case was sufficiently strong to have justified the jury in their verdict. That for the appellant would have justified the jury in acquitting. Voight was used as a witness by the State in rebuttal and testified that he, appellant and the other parties committed the robbery. So we have under the State's theory, Voight as an accomplice and used as a witness. Under the appellant's theory he and Voight were not at the place of the robbery and had no connection with it. Under this state of the case the court instructed the jury as follows: "If the said D. F. Massey was robbed by any person or persons at the time alleged,

then you are instructed that the witness Voight is an accomplice therein, and in order to warrant a conviction in this case it is essential that the testimony of the said Voight must be corroborated by other evidence aside from and independent of his own, tending directly to connect the defendant with the commission of the alleged offense, and it is further necessary that you believe from all the evidence in the case taken together, beyond a reasonable doubt that the defendant is guilty, and unless you so believe from the evidence you will acquit defendant."

Exception was taken to this portion of the charge, because it assumes and charges as a fact that Voight was an accomplice when it was a cogently contested issue, whether he was or not present at the robbery; that this charge informs the jury practically and in substance that Voight and appellant participated in the robbery. We are of opinion this criticism is correct. While the State makes Voight an accomplice, the appellant's evidence shows that he was not an accomplice and that appellant, nor Voight had anything to do with the robbery, and places them in a position and under such circumstances that neither could have participated in the robbery. This was a very critical issue in the case and this charge assumes the fact as being true and so instructs the jury that Voight was an accomplice. Of course, if Voight was present and participated in the robbery, he would be such accomplice when used as a witness. If he was not present this condition could not arise. Thus, it will be seen the court assumes the truthfulness of the State's theory, and so instructs the jury, as against appellant's theory, which directly and strongly controverts the State's position.

For this error the judgment is reversed and the cause is remanded.

*Reversed and remanded.*